O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 5:16-CV-01178 (VEB)

MARIA D. VACA,

               Plaintiff,

vs.

NANCY BERRYHILL, Acting
Commissioner of Social Security,

               Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In May of 2010, Plaintiff Maria D. Vaca applied for Disability Insurance benefits under the Social Security Act. The Commissioner of Social Security[1] denied the application.

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorney, Judith S. Leland, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10, 12). On January 17, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 17).

## II. BACKGROUND

Plaintiff applied for Disability Insurance benefits on May 3, 2010, alleging disability beginning May 13, 2008. (T at 245).[2] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On September 14, 2011, a hearing was held before ALJ Robert S. Eisman. (T at 83). Plaintiff appeared with her attorney and testified. (T at 87-113). The ALJ also received testimony from Jeanine Metildi, a vocational expert. (T at 116-24).

On November 10, 2011, ALJ Eisman issued a written decision denying the application for benefits. (T at 128-44). On May 11, 2013, the Appeals Council granted Plaintiff's request for review and remanded the case for further proceedings.

---

[2] Citations to ("T") refer to the administrative record at Docket No. 15.

(T at 147-48). A second hearing was held before the same ALJ on December 30, 2013. Plaintiff again appeared with her attorney and testified. (T at 40-68). Additional testimony was taken from Ms. Metildi, the vocational expert. (T at 69-81).

The ALJ issued a second decision denying the application for benefits on June 23, 2014. (T at 17-34). The ALJ's second decision became the Commissioner's final decision on May 2, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On June 6, 2016, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on September 15, 2016. (Docket No. 14). The parties filed a Joint Stipulation on December 15, 2016. (Docket No. 16).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case remanded for calculation of benefits.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable

DECISION AND ORDER – VACA v BERRYHILL 5:16-CV-01178-VEB

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s)

with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the

Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.    Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 14, 2008, the alleged onset date, and met the insured status requirements of the Social Security Act through September 30, 2014 (the "date last insured"). (T at 22).   The ALJ found that Plaintiff's obesity; degenerative disc

disease of the cervical spine, status post epidural injections; degenerative joint disease of the upper extremities, status post surgical repair of the shoulders and status post bilateral carpal tunnel release surgeries; and degenerative changes of the knees were "severe" impairments under the Act. (Tr. 22-23).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 23).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 404.1567 (b), as follows: she can lift/carry up to 20 pounds occasionally, 10 pounds frequently, and negligible weight constantly; stand/walk up to 6 hours and sit up to 6 hours in an 8-hour workday with normal breaks; no walking on uneven ground, crawling, or climbing ladders, ropes, or scaffolds; can frequently push, pull, lift and reach objects overhead with her right and/or left upper extremity; but no working in environments with exposure to extreme cold or vibrating hand tools. (T at 23).

The ALJ found that Plaintiff could perform her past relevant work as a customer service representative. (T at 27). In the alternative, the ALJ concluded that even if Plaintiff could not perform such work, considering Plaintiff's age (45 years old on the alleged onset date), education (at least high school), work experience, and

DECISION AND ORDER – VACA v BERRYHILL 5:16-CV-01178-VEB

residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 27-29).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between October 14, 2008 (the alleged onset date) and June 23, 2014 (the date of the second decision) and was therefore not entitled to benefits. (T at 29). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.    Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 16, at p. 3), Plaintiff offers two (2) main arguments in support of her claim that the Commissioner's decision should be reversed.   First, she argues that the ALJ did not properly assess the medical opinion evidence.    Second, she challenges the ALJ's credibility determination.  This Court will address both arguments in turn.

### IV. ANALYSIS

**A.    Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-:-examining physician. *Benecke v. Barnhart*,

379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion. For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs*., 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

DECISION AND ORDER – VACA v BERRYHILL 5:16-CV-01178-VEB

### 1. Dr. Silver

Dr. Lee Silver, an examining physician, saw Plaintiff approximately four times over five years in connection with her workers' compensation claim. (T at 692-97, 1037, 1041-45). Dr. Silver performed a medical evaluation in December of 2008. He diagnosed bilateral trapeziometacarpal joint sprain with degenerative arthritis, status post right shoulder surgery, left shoulder sprain with impingement, cervical musculoligamentous strain/sprain, and history of bilateral carpal tunnel syndrome. (T at 695-96). Dr. Silver opined that Plaintiff was restricted from the use of her right upper extremity, from fine manipulation with her left hand, and could not perform prolonged typing/computer work. (T at 696).

Dr. Silver performed another evaluation in June of 2009. He assessed a restriction with regard to fine manipulation with the left hand and a restriction from prolonged typing/computer work. (T at 1044). He opined that Plaintiff was restricted from repetitive work with the upper extremities above shoulder level. (T at 1044).

In November of 2012, Dr. Silver reported a restriction as to repetitive firm and strong gripping and fine manipulation; restriction from repetitive work with the upper extremities above shoulder level and repetitive cervical spine movements. (T

DECISION AND ORDER – VACA v BERRYHILL 5:16-CV-01178-VEB

at 1034). Dr. Silver also opined that Plaintiff should not lift greater than 10 pounds. (T at 1034). In June of 2013, Dr. Silver found the same restrictions. (T at 1023).

### 2. Dr. Ahmed

Dr. Khalid Ahmed, a treating physician, had been treating Plaintiff for more than four years at the time of the second administrative hearing. In October of 2013, Dr. Ahmed diagnosed cervical herniated disc with radiculopathy, bursitis of the right shoulder, impingement syndrome (right shoulder), tendonitis left shoulder (rule out possible impingement syndrome), status post carpal tunnel release right wrist, status post left hand carpal tunnel release and trigger thumb release, tendonitis left wrist, tendonitis left hand, status post carpal tunnel release (left wrist), and status post trigger finger release (left thumb). (T at 1047).

In December of 2013, Dr. Ahmed completed a physical residual functional capacity questionnaire. He opined that Plaintiff's experience of pain or other symptoms was severe enough to constantly interfere with the attention and concentration she needed to perform even simple work tasks. (T at 1015). He found Plaintiff incapable of even "low stress" jobs, opined that she could not walk any city blocks without severe pain, was limited to sitting for 20 minutes at a time and standing for 10 minutes at a time. (T at 1015). Dr. Ahmed opined that Plaintiff could sit, stand, or walk for less than 2-hours in an 8-hour work day, would need to

DECISION AND ORDER – VACA v BERRYHILL 5:16-CV-01178-VEB

shift positions at will, and would need to take unscheduled breaks every 30 minutes. (T at 1016). He noted that Plaintiff would need to use a cane or assistive device and opined that she could occasionally lift/carry less than 10 pounds, rarely lift/carry 10 pounds, and never lift/carry more than that. (T at 1016).

Dr. Ahmed concluded that Plaintiff could never look down, turn her head from side to side, look up, hold her head static, twist, stoop, crouch, climb ladders, or climb stairs. (T at 1017). He assessed significant limitations with regard to reaching, handling or fingering and described Plaintiff as experiencing "constant, often severe, pain." (T at 1017). Dr. Ahmed opined that Plaintiff's limitations had existed since June 7, 2007. (T at 1018).

### 3. Analysis

The ALJ afforded little weight to the opinions of Dr. Silver and Dr. Ahmed and concluded that Plaintiff retained an RFC much greater than that assessed by these physicians. (T at 23-26). This Court finds the ALJ's consideration of the medical opinion evidence flawed and not supported by substantial evidence.

The ALJ expressed concern that Dr. Ahmed "may be inclined to be an advocate for [Plaintiff], in his role as a workers' compensation treating physician …." (T at 25). The ALJ thus stated that "great care would therefore seem necessary

DECISION AND ORDER – VACA v BERRYHILL 5:16-CV-01178-VEB

in evaluating his opinions." (T at 25). This represents an inversion of the applicable legal standard.

A treating physician's assessment is presumptively entitled to deference, particularly where (as here), there is an extensive treating relationship. That is, of course, not to say that the treating physician's opinion is always dispositive; indeed, it is frequently not. However, the starting point for the analysis must be a recognition that a physician with a treating relationship with the claimant is, generally, in the best position to assess nature of the claimant's impairments and evaluate the extent and severity of her limitations.

The treating physician is presumptively in a better position to make such judgments than the ALJ, who is not a medical professional at all, let alone a medical professional with an established treating relationship and history with this particular claimant.[3] *See Ghokassian v. Shalala*, 41 F.3d 1300, 1303 (9th Cir. Cal. 1994)("[W]e also hold that the ALJ committed a *legal* error when he failed to grant deference to the conclusions [of claimant's treating physician]")(emphasis in

---

[3] Again, this is not to say that the ultimate disability determination is not reserved to the Commissioner - it certainly is - or that a treating physician's opinion must always be followed. However, it is important to recognize that the starting posture must be one of modesty on the part of the ALJ, who is not a medical professional. This is how the ALJ here erred - by deciding, without any hard evidence, to begin his considerat0ion of Dr. Ahmed's opinion with a skeptical eye and a high level of distrust.

DECISION AND ORDER – VACA v BERRYHILL 5:16-CV-01178-VEB

original).   The courts have "accorded deference to treating physicians precisely because they are the doctors with 'greater opportunity to observe and know the patient.'" *Id.* (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1993)).

Here, the ALJ was concerned that Dr. Ahmed might be "inclined" to be an advocate for Plaintiff and, thus, decided to start from a position of skepticism, rather than the legally required presumption of deference.   This was error.   Moreover, the fact that Dr. Ahmed prepared reports that Plaintiff submitted in furtherance of her workers' compensation claim does not, without more, provide a basis for viewing his reports under a jaundiced eye.   It is well-settled that "[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them," unless there is additional evidence demonstrating impropriety. The ALJ identified no such evidence here. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995); *see also Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998).

Further, this is not a case where the treating physician provided a scanty, "checkbox" assessment lacking in objective support.   At the time of the second administrative hearing, Dr. Ahmed had been treating Plaintiff for more than four years. (T at 589).   Dr. Ahmed documented numerous findings that support Plaintiff's subjective claims and his assessment of her limitations – including decreased range of motion with pain in the upper extremities, positive Cozen's test (which evaluates

whether the patient has "tennis elbow"), decreased muscle strength, decreased range of motion in the left hand and wrist, positive Tinel's at the elbow (which assesses nerve irritation), and restricted mobility of the right shoulder. (T at 864, 1047, 1051, 1062).

Importantly, the ALJ discounts Dr. Ahmed's findings by saying what "seems" to be the case, but without actually offering a reason rooted in evidence for why that provides a basis for rejecting the physician's expert assessment. For example, the ALJ notes that the results of a January 2008 MRI "do not seem consistent with the degree of restriction assessed by Dr. Ahmed," (T at 25), but then does not explain why this "seems" to be so or, more importantly, why the ALJ's lay reading of the MRI results should be considered more accurate that the assessment of the treating physician.

Likewise, the ALJ finds that Dr. Ahmed "seems to reflexively diagnose a long litany of impairments for [Plaintiff]." (T at 25). However, the ALJ does not offer any evidence or explanation for the conclusion that Dr. Ahmed's diagnoses are rendered "reflexively" other than the fact that the list of diagnoses is "long." Indeed, as noted above, Dr. Ahmed's assessments are highly detailed and well-documented, which undermines any suggestion that he is making professional assessments thoughtlessly or "reflexively."

DECISION AND ORDER – VACA v BERRYHILL 5:16-CV-01178-VEB

The ALJ also discounted Dr. Silver's assessments, finding them "in excess of the objective medical evidence …." (T at 25). This finding is possible if you begin by discounting Dr. Ahmed's opinion. If that opinion is afforded appropriate weight, it becomes clear that Dr. Ahmed and Dr. Silver, two well-qualified physicians who treated or examined Plaintiff on multiple occasions over several years, actually made quite similar findings. The consistency between those two opinions was persuasive evidence of disability and the ALJ was bound to give that consistency careful consideration, which is not evident here. Instead, the ALJ appears to have considered, and discounted, the opinions of these physicians in isolation.

In contrast, the ALJ gave "significant weight" to the opinion of Dr. Anh Tat Hoang, who examined Plaintiff on a single occasion as a consultative examiner. (T at 26). Dr. Hoang opined that Plaintiff could lift/carry 20 pounds occasionally, and 10 pounds frequently, stand/walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. (T at 837). Dr. Hoang assessed no gross manipulation limitations, found Plaintiff limited to frequent fine manipulation with the right hand, and deferred assessment of fine manipulation limitations in the left hand, because Plaintiff had surgery on that hand just prior to the examination. (T at 837).

However, it appears Dr. Hoang's opinion was based only on his examination and observations, *i.e.* he did not review the medical records, including (most

DECISION AND ORDER – VACA v BERRYHILL 5:16-CV-01178-VEB

importantly) the findings and assessments of Dr. Ahmed and Dr. Silver. (T at 833). This is a significant omission. Dr. Hoang thus made no effort to explain the discrepancy between his conclusions, which were based on a single examination, and the findings of the other physicians, which were rooted in years of treatment, examinations, and observations. The ALJ likewise does not provide a sufficient explanation for crediting this single examination over the treating and examining provider opinions, beyond summarizing Dr. Hoang's opinion and commenting that it "*seems* reasonably well-supported by the overall record . . . ." (T at 26)(emphasis added).

The ALJ should have exercised caution because "no doctor or other medical expert … opined, on the basis of a full review of all relevant records, that [Plaintiff] is capable of working or is prepared to return to work." *Garrison*, 759 F.3d at 1018 (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). The ALJ did not use such caution and, indeed, started from an unfounded position of skepticism with regard to the opinion of Dr. Ahmed. Given that physician's expertise and extensive treating history with Plaintiff, the ALJ was obliged to begin from a position of deference, which should only have been enhanced when one considers that Dr. Ahmed's findings are generally confirmed by, and consistent with, the conclusions

DECISION AND ORDER – VACA v BERRYHILL 5:16-CV-01178-VEB

of Dr. Silver, another physician who examined Plaintiff on several occasions over an extended period of time.  A remand is required.

**B.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

DECISION AND ORDER – VACA v BERRYHILL 5:16-CV-01178-VEB

In this case, Plaintiff testified as follows: She is single. (T at 87). She stopped working in October of 2008. (T at 88). She has had numerous surgeries, involving both shoulders, hands, and wrists. (T at 41, 92-93). She receives physical therapy for her hands. (T at 99-100). Chronic pain prevents her from working. (T at 101). Standing for longer than 15 minutes causes severe pain. (T at 101). She tries to cook and clean at home, but requires breaks and it takes a "long time" to finish tasks. (T at 102, 106). She does laundry and shops for food. (T at 102-103). Pastimes include reading and church attendance. (T at 103). Pain is a constant problem. (T at 104-105). She has difficulty concentrating. (T at 108). Medication side effects include drowsiness, headaches, and a feeling of being "fog brained." (T at 109). She has difficulty sleeping. (T at 110-11). Prolonged sitting causes severe pain. (T at 112).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 24).

This Court finds the ALJ's assessment flawed. First, the ALJ found that the "objective medical evidence" did not support the limitations alleged by Plaintiff. However, the most compelling objective medical evidence, provided by two well-

DECISION AND ORDER – VACA v BERRYHILL 5:16-CV-01178-VEB

qualified physicians who treated or examined Plaintiff over an extended period of time (Dr. Ahmed and Dr. Silver), actually supports her subjective claims. While such evidence is not dispositive in every case, the ALJ did not provide legally sufficient reasons for discounting the opinions of Dr. Ahmed and Dr. Silver. This error, in turn, caused the ALJ to improperly discount Plaintiff's credibility.

Second, the ALJ concluded that Plaintiff lived a "somewhat normal level of daily activity," which he found at odds with her claims of disabling limitations. (T at 24). The ALJ then noted several of those activities (meal preparation, laundry, shopping), without mentioning Plaintiff's testimony that she performed those tasks slowly and with numerous breaks, and without considering the fact that Plaintiff (a single person) was obliged to perform many of the activities in question in order to maintain herself.

The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be

DECISION AND ORDER – VACA v BERRYHILL 5:16-CV-01178-VEB

impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if [her] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)(citations omitted); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")(cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

This Court thus finds the ALJ's credibility assessment flawed and not supported by substantial evidence.

DECISION AND ORDER – VACA v BERRYHILL 5:16-CV-01178-VEB

## C.    Remand

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

In contrast, an award of benefits may be directed where the record has been fully developed and where further administrative proceedings would serve no useful purpose. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Courts have remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id*. (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Varney v. Sec'y of Health & Human Servs*., 859 F.2d 1396, 1401 (9th Cir.1988)).

Here, given the findings of Dr. Ahmed and Dr. Silver (two well-qualified physicians who treated or examined Plaintiff over an extended period of time), and

considering the ALJ's failure to provide legally sufficient reasons for rejecting those findings, this Court finds that there are no outstanding issues and it is clear from the record that the ALJ would be required to find Plaintiff disabled if the evidence in question was credited.

Moreover, the Ninth Circuit has held that it is not appropriate to "remand for the purpose of allowing the ALJ to have a mulligan." *Garrison v. Colvin*, 759 F.3d 995, 1012, 1021 (9th Cir. 2014). Indeed, "[a]llowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). Moreover, "[r]emanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to 'tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand.'" *Id.* (quoting *Varney v. Sec'y of Health & Human Srvc.*, 859 F.2d 1396, 1398 (9th Cir. 1987)).

This Court is mindful that Plaintiff's application for benefits has been pending for nearly seven (7) years. The Commissioner already had two opportunities to reach the right result (the matter having been remanded by the Appeals Council for a second hearing). A remand for calculation of benefits is thus the appropriate remedy.

DECISION AND ORDER – VACA v BERRYHILL 5:16-CV-01178-VEB

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for calculation of benefits, and it is further ORDERED that

The Clerk of the Court file this Decision and Order and serve copies upon counsel for the parties.

DATED this 10th Day of April, 2017,


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – VACA v BERRYHILL 5:16-CV-01178-VEB